AO 106 (Rev. 04/10)  Application for a Search Warrant

# UNITED STATES DISTRICT COURT

for the

Southern District of Ohio

| | |
|---|---|
| In the Matter of the Search of <br> *(Briefly describe the property to be searched <br> or identify the person by name and address)* <br><br> The Location of T-Mobile Cellular Device <br> with the Assigned Call Number of 614-817-7579 | ) <br> ) <br> ) Case No. 2:21-mj-58 <br> ) <br> ) <br> ) |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

SEE ATTACHMENT A

located in the _____Southern_____ District of _____Ohio_____ , there is now concealed *(identify the person or describe the property to be seized)*:

SEE ATTACHMENT B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 846 | Conspire to knowingly or intentionally manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance. |

The application is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

☑ Delayed notice of __30__ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

ROBERT KUKOVEC    Digitally signed by ROBERT KUKOVEC
Date: 2021.01.28 09:37:16 -05'00'

_____
*Applicant's signature*

Robert Kukovec, Special Agent (HSI)
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __1-28-21__

_____
*Judge's signature*

City and state: __Columbus, Ohio__

Chelsey M. Vascura, U.S. Magistrate Judge
*Printed name and title*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **IN THE MATTER OF THE SEARCH OF THE T-MOBILE CELLULAR TELEPHONE ASSIGNED CALL NUMBER 614-817-7579** | **Case No. _____**<br><br>**Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, **Robert Kukovec,** being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.       I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number 614-817-7579 (the **"Target Cell Phone"**), whose service provider is T-Mobile, a wireless telephone service provider headquartered in Bellevue, Washington.  The **Target Cell Phone** is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2.       Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), the requested warrant is designed to also comply with the Pen Register Act.  *See* 18 U.S.C. §§ 3121-3127.  The requested warrant therefore includes all the information required to be included in an order pursuant to that statute.  *See* 18 U.S.C. § 3123(b)(1).

3.       I am a Special Agent with the United States Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI).  I have been employed as a Special Agent since April 2002 and I am currently assigned to the HSI

office in Columbus, Ohio (HSI Columbus). I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant. I am currently assigned to a multi-jurisdictional narcotics taskforce in Columbus, Ohio, and I am cross designated to investigate violations of Title 21 of the United States Code. Prior to my employment with HSI (and formally legacy U.S. Customs), I was employed as a police officer in the state of Ohio for approximately 8.5 years. My responsibilities and duties include the investigation and enforcement of federal laws and regulations related to customs and immigration violations, including but not limited to narcotics, financial crimes, fraud, and violations of the Immigration and Nationality Act.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 21, United States Code, Section 846 (Conspiracy to Possess with Intent to Distribute a Controlled Substance) have been committed, are being committed, and will be committed by unknown persons utilizing the **Target Cell Phone**. There is also probable cause to believe that the location information described in Attachment B will constitute evidence of these criminal violations and will lead to the identification of individuals who are engaged in the commission of these offenses and related crimes.

6. The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court of

the United States that has jurisdiction over the offense being investigated, *see* 18 U.S.C. § 2711(3)(A)(i).

## **PROBABLE CAUSE**

7.      HSI Columbus and the Delaware County Drug Task Force (DCDTF) in Delaware, Ohio have been investigating a Hispanic drug trafficking organization (DTO) involved in the distribution and trafficking of large quantities of heroin in the central Ohio area. This DTO is comprised of mainly Mexican nationals illegally present in the United States. The scope of this DTO is extremely broad and has crossed into targets and heroin users from several prior and current investigations by HSI Seattle, the DCDTF, Columbus Police Department Narcotics Unit, DEA Columbus, FBI Columbus, ATF Columbus, and several other state & local law enforcement agencies throughout Ohio.

8.      Several members of this DTO have been identified through various investigative means, such as physical surveillance, technical surveillance, analysis of phone numbers/tolls, trash pulls, pen registers/phone pings, and use of cooperating defendants and confidential sources. Throughout the course of this investigation, HSI Columbus and the DCDTF have also conducted numerous search warrants, arrests, interdiction stops, and controlled purchases of heroin related to this DTO resulting in the seizures of large amounts of heroin and cash. HSI Columbus and the DCDTF have dismantled two different heroin distribution cells linked to this DTO in the central Ohio area as well.

9.      In September 2017, HSI Columbus and the DCDTF arrested Angel Robert BLACKWELL and two other subjects who were operating a heroin distribution cell for this DTO. This cell was operational in the Southern District of Ohio and all three subjects were subsequently

3

indicted, convicted, and sentenced in the U.S. District Court in the Southern District of Ohio for their involvement in the distribution of heroin for this DTO.

10.    On April 23, 2020, BLACKWELL was released from the custody of the Federal Bureau of Prisons and placed on supervised release.  On November 12, 2020, the Ohio High Intensity Drug Trafficking Area (HIDTA) task force encountered BLACKWELL and his roommate during a search warrant at their residence in Columbus, Ohio in reference to a parcel interdicted by the Ohio HIDTA which contained approximately 15 pounds of marijuana.  During this encounter and subsequent search warrant, the Ohio HIDTA recovered approximately 22 pounds of raw marijuana (531 grams of which were individually packaged for sale), 14 grams of "crack" cocaine, and some U.S. currency.  BLACKWELL was released pending a possible future indictment based on lab results for the seized narcotics.

11.    Based upon previous information and investigations conducted by HSI Columbus and the DCDTF along with this most recent encounter, investigators believe BLACKWELL is still involved in narcotics trafficking in the Southern District of Ohio.  The **Target Cell Phone** is BLACKWELL's current cellular telephone number based upon information provided to investigators by his federal probation officer.

12.    Based on your affiant's training and experience, narcotics traffickers tend to utilize cellular phones to communicate with narcotics customers, as well as sources of supply and others providing support in their narcotics distribution operation.  Based on this information, there is probable cause to believe the information sought in this application for up to thirty days for the **Target Cell Phone** will assist in locating other DTO members in Columbus, Ohio and provide further evidence of their drug trafficking activities.

13.     In my training and experience, I have learned that T-Mobile is a company that provides cellular telephone access to the general public.  I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate at least two kinds of information about the locations of the cellular telephones to which they provide service: (1) E-911 Phase II data, also known as GPS data or latitude-longitude data, and (2) cell-site data, also known as "tower/face information" or cell tower/sector records.  E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers.  Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected.  These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas.  Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device.  Accordingly, cell-site data is typically less precise than E-911 Phase II data.

14.     Based on my training and experience, I know that T-Mobile can collect E-911 Phase II data about the location of the **Target Cell Phone,** including by initiating a signal to determine the location of the **Target Cell Phone** on T-Mobile's network or with such other reference points as may be reasonably available.

15.     Based on my training and experience, I know that T-Mobile can collect cell-site data about the **Target Cell Phone**.  Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell

5

tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as T-Mobile typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

## AUTHORIZATION REQUEST

16.    Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

17.    I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the **Target Cell Phone** would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

18.    I further request that the Court direct T-Mobile to disclose to the government any information described in Attachment B that is within the possession, custody, or control of T-

6

Mobile. I also request that the Court direct T-Mobile to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with T-Mobile's services, including by initiating a signal to determine the location of the **Target Cell Phone** on T-Mobile's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate T-Mobile for reasonable expenses incurred in furnishing such facilities or assistance.

19.     I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the **Target Cell Phone** outside of daytime hours.

20.     I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

ROBERT KUKOVEC  Digitally signed by ROBERT KUKOVEC
Date: 2021.01.28 09:36:32 -05'00'

Robert Kukovec
Special Agent
Homeland Security Investigations

Subscribed and sworn to before me on ___Jan 28 th___, 2021.

_____
UNITED STATES MAGISTRATE JUDGE

7

# ATTACHMENT A

## Property to Be Searched

1. The cellular telephone assigned call number 614-817-7579 (the "**Target Cell Phone**"), whose wireless service provider is T-Mobile, a company headquartered in Bellevue, Washington.

2. Records and information about the location of the **Target Cell Phone** that is within the possession, custody, or control of T-Mobile including information about the location of the cellular telephone if it is subsequently assigned a different call number.

## ATTACHMENT B

### Particular Things to be Seized

I.     **Information to be Disclosed by the Provider**

All information about the location of the **Target Cell Phone** described in Attachment A for a period of 30 days, during all times of day and night. "Information about the location of the **Target Cell Phone**" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of T-Mobile, T-Mobile is required to disclose the Location Information to the government. In addition, T-Mobile must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with T-Mobile's services, including by initiating a signal to determine the location of the **Target Cell Phone** on T-Mobile's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate T-Mobile for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

**II.      Information to Be Seized by the Government**

All information described above in Section I that constitutes evidence of violations of Title 21, United States Code, Section 846 (Conspiracy to Possess with Intent to Distribute a Controlled Substance) involving unknown persons.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.